T.C. Memo. 2006-64

UNITED STATES TAX COURT

WAYNE CURTIS SIRON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11208-04.                    Filed April 4, 2006.

Wayne Curtis Siron, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 1998 Federal income tax of $3,161, a section
6651(a)(1) addition to tax for failure to file of $788.25, and a
section 6654(a) addition to tax for failure to pay estimated
income tax of $144.25.  The issues to be decided are whether
petitioner is liable for the deficiency as determined by

respondent, whether petitioner is liable for the additions to tax as determined by respondent, and whether petitioner is liable for a penalty under section 6673. All section and Code references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

The facts in this case have been established by the Court's order of December 28, 2005.[1] At the time of filing the petition, petitioner resided in Blythewood, South Carolina. Petitioner was married to Rose Siron throughout 1998.

During 1998, petitioner received compensation from FN Manufacturing, Inc. (FN Manufacturing), of $27,011.27 and received compensation from the State Board of Technical and Comparative Education (the State Board) of $323. FN Manufacturing and the State Board each issued petitioner a 1998 Form W-2, Wage and Tax Statement, reflecting those payments. FN Manufacturing withheld zero Federal income taxes

---

[1]As discussed below, on Nov. 18, 2005, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established pursuant to Rule 91(f). On Nov. 21, 2005, we granted respondent's motion and further ordered petitioner to file a response in compliance with Rule 91(f)(2) or respondent's proposed stipulations would be deemed established and an order would be entered pursuant to Rule 91(f)(3). Petitioner never responded to our order, and, accordingly, we ordered the facts deemed established on Dec. 28, 2005.

from its payments to petitioner,[2] and the State Board withheld
$8.

Petitioner did not file a 1998 Federal income tax return,
and respondent prepared a substitute for return for petitioner
pursuant to section 6020(b).[3]  Because petitioner did not elect
to file a joint return with Rose Siron, respondent determined
petitioner's filing status to be married filing separate.
Accordingly, respondent determined petitioner's taxable income
for 1998 to be $21,084.[4]

On April 2, 2004, respondent mailed a statutory notice of
deficiency to petitioner.  In response, petitioner timely filed a
petition with this Court for a redetermination of the deficiency.
The petition made the following contentions:  "I do not have any
tax liability.  I deny the figures and content of the Notice of
Deficiency.  I dispute the computations.  In the year in
question, I had dependents, deductions, credits, business
expenses, etc.  Have appeals contact me."

---

[2]From the record, it appears that petitioner claimed 99
exemptions on a Form W-4, Employee's Withholding Allowance
Certificate, with respect to his 1998 Federal income tax
withholdings.

[3]The parties have made no contentions as to whether the
substitute for return respondent prepared in the instant case
satisfies sec. 6020(b).

[4]Respondent reduced petitioner's $27,334 of gross income by
a $3,550 standard deduction and $2,700 of exemptions.

In June of 2004, petitioner designated Kansas City, Missouri, as the place of trial, and the Court set the case for trial at the Kansas City trial session beginning February 14, 2005. On November 17, 2004, petitioner filed a motion to continue and change place of trial to Columbia, South Carolina. The Court granted petitioner's motion.

In a letter dated June 9, 2005, respondent's counsel notified petitioner that Rule 91 requires parties to "agree which facts and documents are not in dispute, and submit them to the court as a 'Stipulation of Facts.'" Accordingly, respondent's counsel requested that petitioner respond to the following questions and requests for information:

1. Did you file a 1998 federal income tax return? If so, please provide a copy of the return.

2. Do you agree that FN Manufacturing, Inc. paid you $27,011 in 1998?

3. Do you agree that the State Board of Technical & Compr. Education paid you $323 in 1998?

4. Do you agree that you paid mortgage interest in the amount of $4,161 in 1998? (This is the only expense which was reported to the Service).

5. How many dependents did you have in 1998? What were their names and ages? Where did each dependent live?

6. Please provide documents showing all Schedule A itemized deductions you claim, if any, for the taxable year 1998, including invoices, cancelled checks, and receipts.

7.  Please provide documents showing all Schedule C expenses, if any, you claim for the taxable year 1998, including invoices, cancelled checks, and receipts.

8.  Please provide documents showing all credits you claim for the taxable year 1998.

In a letter to respondent's counsel dated June 25, 2005, petitioner responded that FN Manufacturing paid petitioner $27,011 in 1998, that the State Board paid petitioner $323 in 1998, and that petitioner did not file a 1998 Federal income tax return. The letter stated that it was immaterial whether petitioner paid mortgage interest in 1998 or had dependents. Additionally, the letter refused to provide documents substantiating deductions claimed on Schedule A, Itemized Deductions, or expense deductions claimed on Schedule C, Profit or Loss from Business, on grounds that petitioner was not required to file a 1998 Federal income tax return and refused to provide documents substantiating claimed credits on grounds that such information had not been proven to be required.

On July 14, 2005, respondent's counsel submitted to petitioner a proposed stipulation of facts based upon the information provided in petitioner's letter dated June 25, 2005. The proposed stipulation of facts stated that, at the time of filing the petition, petitioner resided in Blythewood, South Carolina, that petitioner did not file a 1998 Federal income tax return, that FN Manufacturing paid petitioner $27,011 during

1998, and that the State Board paid petitioner $323 during 1998. Respondent's proposed stipulation of facts referenced the following documents: (1) The statutory notice of deficiency; (2) respondent's letter to petitioner dated June 9, 2005; (3) petitioner's letter to respondent dated June 25, 2005; and (4) respondent's certified literal transcript for petitioner. Additionally, respondent provided petitioner with a copy of respondent's publication entitled "The Truth About Frivolous Tax Arguments" and directed petitioner to the publication's discussion of penalties that may be imposed on taxpayers who take frivolous positions. Respondent also provided petitioner with a copy of Hodges v. Commissioner, T.C. Memo. 2005-168, in which the Tax Court imposed a section 6673 penalty on the taxpayer for advancing a frivolous argument.

In a letter to respondent's counsel dated August 2, 2005, petitioner stated that any stipulations would be premature until the completion of the discovery process. Additionally, petitioner disputed the relevance of Hodges, and the aforementioned IRS publication.

In a letter to petitioner dated August 25, 2005, respondent's counsel informed petitioner that respondent would request that the Court impose a penalty pursuant to section 6673

if petitioner persisted in raising frivolous arguments. The letter stated that petitioner could be required to pay a penalty of $25,000 pursuant to section 6673.

On August 26, 2005, respondent filed respondent's requests for admission, which made the following contentions:

1. The petitioner lived in Blythewood, South Carolina, at the time of the filing of his petition in this case.

2. The petitioner did not file a federal income tax return for the taxable year 1998.

3. Attached as Exhibit 1 is an authentic copy of the notice of deficiency mailed to petitioner on April 2, 2004.

4. During 1998, FN Manufacturing, Inc., paid petitioner wages in the amount of $27,011.

5. FN Manufacturing, Inc., issued petitioner a Form W-2 for the taxable year 1998 reflecting wages in the amount of $27,011.

6. During 1998, the State Board of Technical and Compr. Education paid petitioner wages in the amount of $323.

7. The State Board of Technical and Compr. Issued petitioner a Form W-2 for the taxable year 1998 reflecting wages in the amount of $323.

8. During 1998, the State Board of Technical and Compr. Education withheld federal income tax in the amount of $8 from the amount paid to petitioner.

9. Petitioner was married to Rose Siron during the entire year of 1998.

10. Attached as Exhibit 2 is a certified literal transcript of petitioner's 1998 federal income tax account.

PLEASE TAKE NOTICE that pursuant to Tax Court Rule 90, a written answer to these requests must be filed with the Tax Court and a copy served on the undersigned within 30 days after service of these requests for admission.

Also on August 26, 2005, respondent lodged a response to petitioner's requests for admission. As petitioner had filed no request for admission with this Court, as of that date,[5] the Court ordered petitioner to file a request for admission by September 26, 2005. However, petitioner failed to file such a request for admission in compliance with the Court's order. Instead, on September 26, 2005, petitioner filed a response to respondent's request for admissions. Petitioner admitted that he was married to Rose Siron throughout 1998, that he resided in Blythewood, South Carolina, at the time of filing the petition, that FN Manufacturing paid petitioner compensation of $27,011 during 1998, that the State Board paid petitioner compensation of $323 during 1998, and that the State Board withheld Federal income tax of $8. However, with respect to respondent's requests

---

[5]Respondent submitted to the Court a document purporting to be "Petitioner's First Request for Admissions" as an exhibit to respondent's motion to show cause why proposed facts and evidence should not be accepted as established. The document was signed by petitioner and dated Aug. 29, 2005, but was not filed with this Court by petitioner. The document contained a series of incoherent and illogical arguments purporting to rely on the 16th Amendment, the Internal Revenue Code, and Supreme Court decisions.

for admission that petitioner did not file a 1998 Federal income tax return, petitioner's response stated:

> Respondent does not further identify the "federal income tax return" sufficiently as to Form Number, Title, and O.M.B. Number, to create with any certainty the identification of the "tax return" so that Petitioner can admit or deny with certainty any required "tax return".
>
> If Respondent had stated such return was required, and further identified said required return as to its Form Number and O.M.B. Number, then Petitioner could respond with certainty.
>
> Conditionally denies pending further definition.

On October 13, 2005, respondent submitted to petitioner a revised stipulation of facts (the revised stipulation of facts) that omitted the paragraph relating to petitioner's failure to file a 1998 Federal income tax return.  The revised stipulation of facts also noted petitioner's objections to the accuracy of the statutory notice of deficiency and other documents. Respondent requested that petitioner sign the revised stipulation of facts and return it to respondent's counsel.

In a letter to respondent's counsel dated October 29, 2005, petitioner stated that none of respondent's proposed stipulations had merit.  With the letter dated October 29, 2005, petitioner submitted to respondent his own proposed stipulations, comprising

various irrelevant and/or illogical statements some of which are set forth below:

> Petitioner received a "Notice of Deficiency" in error, as he has not yet been proven to be a 'taxpayer' for purposes of said "Notice of Deficiency".

> \*    \*    \*    \*    \*    \*    \*

> The Commissioner's employees refused, and continue to refuse to provide law(s) and/or authoritative regulation(s) to the Petitioner proving that he was subject to any part of Title 26, United States Code, Subtitle A, for 1998.

> \*    \*    \*    \*    \*    \*    \*

> Petitioner has derived no income from any of the sources named by Congress in Title 26, USC, Subtitle A.

> \*    \*    \*    \*    \*    \*    \*

> There are no laws and/or authoritative regulations in Title 26, USC, Subtitle A that require a sovereign citizen to file a Form 1040, U.S. Individual Income Tax Return, O.M.B. Number 1545-0074 for any money earned in the private sector of the U.S. economy.

> \*    \*    \*    \*    \*    \*    \*

> Title 26, USC, Sections 6212 and 6213 have no authoritative or implementing regulations.

> \*    \*    \*    \*    \*    \*    \*

> For sovereign persons who have no requirement to file and pay a Form 1040, U.S. Individual Income Tax Return, O.M.B. number 1545-0074; the legal contest to prove otherwise must be in compliance with 26 USC, Sections 7401 and 7403.

> On November 18, 2005, respondent filed a motion to show

cause why proposed facts and evidence should not be accepted as

established.[6]  As noted supra note 1, we granted respondent's motion and further ordered petitioner to file a response in compliance with Rule 91(f)(2) or respondent's proposed stipulations would be deemed established.  Petitioner failed to file a response.  Consequently, we ordered the facts deemed stipulated pursuant to Rule 91(f)(3).

On January 9, 2006, the parties appeared at trial, and respondent filed a motion for penalty pursuant to section 6673.

## Discussion

Section 61(a) provides that gross income includes all income from whatever source derived except as otherwise provided. Specifically, gross income includes compensation for services. Sec. 61(a)(1).  Section 6012(a) generally requires the filing of a tax return by every individual with gross income equal to or exceeding the exemption amount.

Petitioner contends that he had no taxable income in 1998 and, consequently, that he was not required to file an income tax return or pay income tax.  However, petitioner concedes that he received $27,011.27 of compensation from FN Manufacturing and $323 of compensation from the State Board during 1998. Petitioner has not made any viable contention or offered any evidence as to why that compensation should not be included in

---

[6]The proposed facts referenced in respondent's motion to show cause are nearly identical to the revised stipulation of facts.

his taxable income for 1998.  Consequently, we conclude that petitioner's taxable income for 1998 includes the payments received from FN Manufacturing and the State Board.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent.  The addition to tax for failure to file a return timely will be imposed if the return is not filed timely unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1). Respondent bears the burden of production with respect to the addition to tax.  Sec. 7491(c).  The record demonstrates that petitioner failed to file a 1998 Federal income tax return. Petitioner has made no contention and offered no evidence that the delay was due to reasonable cause and not willful neglect. Consequently, we conclude that petitioner is liable for the section 6651(a)(1) addition to tax for failure to file as determined by respondent.

Section 6654(a) provides for an addition to tax for an underpayment of estimated tax by an individual.  This addition to tax is mandatory unless one of the statutorily provided exceptions applies.  Sec. 6654(e).  The record demonstrates that petitioner did not remit any estimated tax payments for 1998, and none of the statutory exceptions applies.  Consequently, we

conclude that petitioner is liable for the section 6654(a) addition to tax as determined by respondent.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty not in excess of $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

The record demonstrates that petitioner advanced frivolous and groundless arguments during the instant proceedings.  We shall not refute frivolous arguments with copious citation and extended discussion.  Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)).  The record is replete with warnings to petitioner that a penalty could be imposed if petitioner

continued making frivolous arguments. As noted above, in July of 2005, respondent's counsel provided petitioner with a copy of respondent's publication entitled "The Truth About Frivolous Tax Arguments" and directed petitioner to the publication's discussion of penalties that may be imposed on taxpayers who take frivolous positions. Respondent also provided petitioner with a copy of Hodges v. Commissioner, T.C. Memo. 2005-168, in which the Tax Court imposed a penalty on the taxpayer pursuant to section 6673. Additionally, in a letter to petitioner dated August 25, 2005, respondent's counsel informed petitioner that respondent would request that the Court impose a section 6673 penalty if petitioner persisted in raising frivolous arguments. As noted above, respondent filed a motion for a section 6673 penalty at trial.

Moreover, the record demonstrates that petitioner instituted proceedings before this Court primarily for delay. Petitioner initially designated Kansas City as the place of trial despite his residence in South Carolina throughout the proceedings. Petitioner refused to agree to respondent's proposed stipulation of facts, based upon information provided by petitioner, despite the efforts of respondent's counsel to accommodate all of petitioner's specific complaints.

For the foregoing reasons, we conclude that petitioner has intentionally made frivolous arguments in these proceedings and

has instituted these proceedings primarily for delay, wasting the limited resources of the Federal tax system.  Consequently, we shall grant respondent's motion and require petitioner to pay to the United States a penalty of $1,500 pursuant to section 6673(a)(1).

To reflect to foregoing,

<u>An appropriate order and decision will be entered</u>.